WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lexington Insurance Company, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Scott Homes Multifamily, Inc., an Arizona corporation; and Silverbell 290 Limited Partnership, an Arizona Limited Partnership,<br><br>Defendants.<br>_____<br><br>Silverbell 290 Limited Partnership, an Arizona Limited Partnership, individually and as the assignee of Defendant Scott Homes Multifamily, Inc.,<br><br>Counterclaimants,<br><br>v.<br><br>Lexington Insurance Company, a Delaware corporation,<br><br>Counterdefendant. | No. CV-12-02119-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Transfer Related Case (Doc. 51). The Court now rules on the Motion.

1    On October 8, 2012, Plaintiff Lexington Insurance Company ("Lexington") filed a complaint against Scott Homes Multifamily, Inc. ("Scott Homes") and Silverbell 290 LP ("Silverbell").  That lawsuit, CV 12-2119, (*Lexington*) was assigned to the undersigned. On March 22, 2013, Chartis Special Insurance Company and Lexington filed a complaint against Scott Homes, Pacific Capital Investments, 2006 Acquisitions LLC, Blackhawk Crystal Springs LLC, Crystal Springs Investors LLC, Crystal Springs Phase I LLC, and Oak Park Crystal Springs LLC.  That lawsuit, CV 13-00601, (*Chartis*) was assigned to the Honorable Roslyn Silver.

Lexington now seeks to transfer *Chartis* to the undersigned.  Defendant Silverbell opposes the Motion to Transfer.

Pursuant to LRCiv 42.1(a),

> Whenever two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

LRCiv 42.1(a).

"District Court judges have 'broad discretion' regarding the assignment or reassignment of cases."  *Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991) (internal citation omitted).

Plaintiff argues that *Chartis* should be transferred to the undersigned because both *Chartis* and *Lexington* involve "identical issues under an excess policy of insurance issued by Lexington, involving largely the same parties and, accordingly, substantial duplication of labor could be avoided if transfer were granted." (Doc. 51 at 2). Plaintiff specifically identifies the following facts to support its contention that *Chartis* should be transferred: (1) both actions involve a demand for coverage of a stipulated judgment for damages allegedly caused by the insured Scott Homes in the construction of an apartment

- 2 -

1  complex under an excess liability policy issued by an insurance company; (2) Lexington
2  and Scott Homes are parties to both suits; and (3) both actions will require interpretation
3  of similar contract language.

4  In response, Defendant Silverbell argues that *Chartis* should not be transferred
5  because: (1) each case involves two separate judgments against Scott Homes, (2) the two
6  judgments are for two separate plaintiffs that own two separate apartment complexes that
7  were built at different times and suffer from different damages, and (3) the insurance
8  policies in each case are different as to the type of polices, the parties to the policies, the
9  language of the policies, and the number of policies at issue.  Defendant Silverbell argues
10 that the only commonality shared between the cases is that Scott Homes is a party to
11 both.

12 As set forth above, the Parties widely diverge on the similarity of the two cases.
13 After reading the briefing and the complaints in both cases, it appears that, in both
14 *Chartis* and *Lexington*, the Court may be required to interpret the same or similar policy
15 language for at least one of the policies at issue in both cases.  While the Court
16 acknowledges that two parties are common to both actions and there may be some
17 overlap in at least one of the legal issues in both suits, the Court finds that there are
18 substantial differences between the cases and, thus, transfer is not warranted under the
19 circumstances.

20 Although the cases share a common factual background in a general sense, as
21 pointed out by Defendant Silverbell, the specific facts in both suits are completely
22 different.  Further, although some of the legal issues in both cases may overlap, it appears
23 that *Chartis* involves a number of legal issues that will not be addressed in *Lexington*.  As
24 such, there is unlikely to be a substantial duplication of effort that would be saved if both
25 cases were being heard by one judge.  Accordingly, because the cases involve completely
26 different sets of facts and address different legal issues, transfer would not be
27 economical.

28 Based on the foregoing,

1	**IT IS ORDERED** that Plaintiff's Motion to Transfer Related Case (Doc. 51) is
2	denied.
3	The Clerk of the Court shall file a copy of this Order in CV 13-00601-PHX-ROS.
4	Dated this 6th day of August, 2013.

_____
James A. Teilborg
Senior United States District Judge